UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. JERRY JOHNSON, as personal
representative of the Estate of Carol A.
Hawes

      Plaintiff,

v.                                     Case No:  2:12-cv-618-Ftm-29SPC

R.J. REYNOLDS TOBACCO CO. and
AMERICAN TOBACCO COMPANY,

      Defendants.
_____/

## ORDER

    This matter comes before the Court on Defendant R.J. Reynolds Tobacco Company's Motion to Compel Proper Disclosure of Damages from Plaintiff (Doc. #23) filed on April 23, 2013.  Plaintiff's Response to Defendant's Motion to Compel Proper Disclosure of Damages (Doc. #24) was filed on April 26, 2013.  Thus, the Motion is now ripe for review.

    The Parties have been conferring since January regarding Plaintiff's initial disclosures but have reached an impasse.  Defendant asserts that Plaintiff has not fulfilled his obligation to provide a computation of each category of damages claimed.  Plaintiff has amended his initial disclosures twice, but Defendant argues that the disclosures are still deficient under Federal Rule 26.

    With regard to damages, Plaintiff's Complaint alleges damages including: medical and financial expenses, loss of support and services, funeral expenses, lost earnings, and net accumulations of the estate.  (Doc. #3).  Plaintiff's most recent initial disclosure indicates the following with regard to damages:

>    Damages include: **medical bills**, upon obtaining the medical bills, that are
>    reasonable and necessary for the treatment of the lung cancer and/or metastasis to
>    her brain until death; **funeral expenses** of approximately $800 for cremation;
>    **pain and suffering** of the decedent from the time she was diagnosed until her
>    death, there is no exact measure of these damages, and as such, Plaintiff will be
>    seeking damages that are just and reasonable under the circumstances; and
>    damages to the beneficiaries for the **loss of the relationship** with their mother,
>    there is no exact measure for this form of damages and the aware should be by the
>    jury as to the amount they deem appropriate.  No lost wages are being claimed.

(Doc. #23-5, p. 4).

Federal Rule of Civil Procedure 26(a)(1)(A) provides, in relevant part, as follows:

>    (1) *Initial Disclosure*.
>
>    (A) *In General*.   Except as exempted by Rule 26(a)(1)(B) or as otherwise
>    stipulated or ordered by the court, a party must, without awaiting a discovery
>    request, provide to the other parties:
>
>    (iii) a computation of each category of damages claimed by the disclosing
>    party – who must also make available for inspection and copying as under
>    Rule 34 the documents or other evidentiary material, unless privileged or
>    protected from disclosure, on which each computation is based, including
>    materials bearing on the nature and extent of injuries suffered.

This Court has generally required disclosure of Rule 26 information for non-economic compensatory and punitive damages. See, e.g., Ulvano v. Denny's Corp., No. 8:04-CV-153-T-EAJ (M.D. Fla. Nov. 17, 2004) (citing EEOC v. Rio Bravo Int'l, Inc., No. 8:99-CV-1371-T-17MAP (M.D. Fla. Feb. 21, 2001); EEOC v. Kronberg Bagel Co., No. 2:00-CV-409-FTM-29DNF (M.D. Fla. Oct. 31, 2001)). Other courts in this district have also recently addressed Rule 26(a)(1)(C)'s damages disclosure requirements. In LeBlanc v. Unifund CCR Partners, G.P., No. 8:06-CV-1216-T-TBM, 2007 WL 2446900, *1 (M.D. Fla. Aug. 23, 2007), the court found that the plaintiff should be able to estimate damages in good faith and articulate the methods of calculations of his actual damages sought, which included "pain, suffering, worry, fear, and

embarrassment."  Here, Plaintiff appears to have listed some categories of damages that are similar to those of the LeBlanc plaintiff.[1]

Another court held, however, that compensatory damages for emotional distress may not be susceptible to computation. In Gray v. Fla. Dept. of Juvenile Justice, No. 3:06-CV-990-J-20MCR, 2007 WL 295514, *2 (M.D. Fla. Jan. 30, 2007), the plaintiff failed to provide a computation for emotional distress damages in her initial disclosures. Distinguishing another Middle District of Florida case in which this court required the plaintiff to provide a computation of damages for emotional distress, the court left the determination of a reasonable amount of damages for emotional distress to the jury. Id. However, the court made clear that its ruling was based on Plaintiff's intention to leave the damages determination to the jury and precluded Plaintiff from suggesting any amount of emotional distress damages to the jury. Id.

Thus, in light of Rule 26(a)(1)(C)'s disclosure requirements and the relevant case the instant Motion is due to be granted.  The Plaintiff must provide a computation of each category of damages to Defendant that are now known and provide the documents upon which each calculation is based.[2]  Plaintiff is reminded of his duty to supplement any disclosures

Accordingly, it is now

**ORDERED:**

---

[1] The LeBlanc court also noted that Rule 26(e) places on the parties a duty to supplement initial disclosures as appropriate during the course of the litigation. Plaintiff's revelation to Defendant of the amount of damages he seeks, through mediation or otherwise, does not alleviate Plaintiff's duty to supplement his initial disclosures pursuant to Rule 26(e).

[2] The Plaintiff states in opposition that medical records and medical bills are in the process of being received.  As soon as the medical bills are obtained, Plaintiff's counsel is under an obligation to calculate damages from these medical bills and provide to Defendant in a timely manner.

Defendant R.J. Reynolds Tobacco Company's Motion to Compel Proper Disclosure of Damages from Plaintiff (Doc. #23) is **GRANTED**.  The Plaintiff must provide a computation of each category of damages to Defendant that are now known on or before **May 17, 2013**.

**DONE** and **ORDERED** in Fort Myers, Florida this  7th day of May, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record