UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. JERRY JOHNSON, as personal
representative of the Estate of CAROL A.
HAWES,

    Plaintiff,

v.

R.J. REYNOLDS TOBACCO CO., a
foreign corporation, as successor by merger
to BROWN AND WILLIAMSON
TOBACCO COMPANY and AMERICAN
TOBACCO COMPANY,

    Defendant.

Case No:  2:12-cv-618-FtM-29UAM

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on Plaintiff L. Jerry Johnson's ("Plaintiff") Motion to Amend and Memorandum of Law ("Motion to Amend") (Doc. 37) filed on June 5, 2013. On June 21, 2013, Defendant R.J. Reynolds Tobacco Company ("Defendant") filed an Opposition to Plaintiff's Motion to Amend (Doc. 40). This motion is now ripe for review. For the reasons explained below, the Court recommends that Plaintiff's Motion to Amend be **DENIED**.

    **I.**    **Background**

On September 24, 2012, Plaintiff filed a five count complaint against Defendant in state court alleging a number of counts regarding Defendant's manufacture and sale of cigarettes. (Doc. 2). On October 2, 2012, Plaintiff filed an amended complaint alleging negligence for failure to warn (Count I), negligent design of its product (Count II), for strict liability, unreasonably dangerous and defective to foreseeable users (Count III), failure to warn of the

defective inherently dangerous commercial products (Count IV), and strict liability for manufacturing defects, i.e., containing large amounts of carcinogens substantially contributing to development of decedent's lung cancer and death (Count V). On November 14, 2012, Defendant removed this case to federal court based on diversity jurisdiction. (Doc. 1). On December 28, 2012, the Court entered a Case Management and Scheduling Order which provided that the deadline to amend pleadings was February 19, 2013. (Doc. 17).

## II.   Discussion

Now, nearly four months after the deadline to amend pleadings, Plaintiff is requesting that the Court grant him leave to amend his complaint to add a request for punitive damages in Count I through V. (Doc. 37 p. 1). Plaintiff argues that the causes of action he has asserted entitle him to claim punitive damages as a matter of law once there is evidence that Defendant had knowledge of the alleged defects. (Doc. 37 p. 2). Plaintiff attached a transcript of the *Engle* trial to his Motion to Amend, and contends that it constitutes evidence that Defendant had knowledge of the defects in the cigarettes. Thus, Plaintiff argues he should be allowed to add a request for punitive damages in the wherefore clauses of each of his counts.

Defendant argues that Plaintiff filed his Motion to Amend after the deadline to amend pleadings and, thus, is required by Fed. R. Civ. P. 16(b) to demonstrate good cause to modify the deadline. (Doc. 40 p. 3). Defendant contends that Plaintiff has failed to demonstrate good cause because Plaintiff has not been diligent in complying with the Court's deadline for seeking leave to amend. (Doc. 40 p. 4). Defendant asserts that the *Engle* trial material Plaintiff now claims justifies his Motion to Amend is over two decades old and was available to Plaintiff well in advance of the deadline to amend pleadings. (Doc. 40 p. 4-5). Thus, Defendant argues that there is no justification for Plaintiff's untimely motion.

The court is guided by Rules 15 and 16 of the Federal Rules of Civil Procedure in determining whether to allow an untimely amendment to the pleadings. *Nobles v. Rural Cmty. Ins. Servs.,* 303 F. Supp. 2d 1279, 1283 (M.D. Ala. 2004). Rule 16(b)(4) provides that, after a scheduling order has been entered, the "schedule may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys. Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998) (citations omitted). Only after finding good cause exists to modify the schedule will the court proceed to determine whether amendment to the pleadings is proper. Otherwise, the more liberal standard of Rule 15(a) "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.*

In this case, the Court finds that Plaintiff was not diligent in seeking to amend his complaint. In his Motion to Amend, Plaintiff completely ignores Rule 16(b)'s requirement that good cause must be demonstrated when a party seeks to make an untimely amendment to the pleadings and fails to address why his request for punitive damages was brought nearly four months after the deadline to amend pleadings. The evidence that Plaintiff alleges justifies his request for punitive damages, i.e., the *Engle* trial material, is from a case that concluded in 2000 and was available to Plaintiff far in advance of the deadline to amend pleadings. Thus, Plaintiff could have timely used this material to add the requests for punitive damages he seeks to add now.

Furthermore, even if the *Engle* trial material had just become available, Plaintiff's delay in filing his Motion to Amend would not be justified. Citing to *Mahon v. City of Largo, Fla.,* 829 F.Supp. 377 (M.D. Fla. 1993), Plaintiff contends that his Motion to Amend is governed by

Fla. Stat. § 768.72, which requires that punitive damages may not be asserted without leave of court and the court must determine whether there is a reasonable basis for recovering punitive damages. (Doc. 37 p. 3). However, the Eleventh Circuit has more recently held that the pleading requirements of Fla. Stat. § 768.72 do not apply to cases in federal court on diversity jurisdiction. *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072 (11th Cir. 2000) (affirming the Eleventh Circuit's ruling on this issue in *Cohen v. Office Depot, Inc.,* 184 F.3d 1292, 1295-99 (11th Cir. 1999)). As this case is before the Court on diversity jurisdiction, Plaintiff was not required under Fla. Stat. § 768.72 to obtain leave of court to plead punitive damages. Thus, Plaintiff could have added his request for punitive damages at any time after removal, but before the deadline to amend pleadings. Plaintiff failed to do so through a lack of diligence and he does not present any reason why he should be allowed to do so now.

As Plaintiff has not satisfied Rule 16(b)'s good cause requirement, the Court is not required to perform a Rule 15(a) analysis. *See Sosa,* 133 F.3d at 1419.

Accordingly,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

Plaintiff's Motion to Amend and Memorandum of Law (Doc. 37) be **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 3, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties