UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

L. JERRY JOHNSON, as personal
representative of the Estate of Carol A.
Hawes,

    Plaintiff,

v.                                                Case No:  2:12-cv-618-FtM-29UAM

R.J. REYNOLDS TOBACCO CO., a
foreign corporation, as successor by merger
to and Williamson Tobacco Company, and
AMERICAN TOBACCO COMPANY,

    Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on Plaintiff L. Jerry Johnson's ("Plaintiff") Motion for Relief from the Scheduling Order with Regard to Amending the Complaint and Prayer for Relief and Memorandum of Law ("Second Motion to Amend") (Doc. 48) filed on August 30, 2013.  On September 16, 2013, Defendant R.J. Reynolds Tobacco Company ("Defendant") filed an Opposition to Plaintiff's Second Motion to Amend (Doc. 49).  For the reasons explained below, the Court recommends that Plaintiff's Second Motion to Amend be **DENIED**.

**I.**    **Background**

On September 24, 2012, Plaintiff filed a five count complaint against Defendant in state court alleging a number of counts regarding Defendant's manufacture and sale of cigarettes. (Doc. 2).  On October 2, 2012, Plaintiff filed an amended complaint alleging negligence for failure to warn (Count I), negligent design of its product (Count II), for strict liability, unreasonably dangerous and defective to foreseeable users (Count III), failure to warn of the

defective inherently dangerous commercial products (Count IV), and strict liability for manufacturing defects, i.e., containing large amounts of carcinogens substantially contributing to development of decedent's lung cancer and death (Count V). On November 14, 2012, Defendant removed this case to federal court based on diversity jurisdiction. (Doc. 1). On December 28, 2012, the Court entered a Case Management and Scheduling Order which provided that the deadline to amend pleadings was February 19, 2013. (Doc. 17).

On June 5, 2013, Plaintiff filed his First Motion to Amend requesting that the Court grant him leave to add a claim for punitive damages. (Doc. 37). On July 3, 2013, the Court filed a Report and Recommendation (Doc. 41) recommending that Plaintiff's untimely First Motion to Amend be denied due to Plaintiff's lack of diligence. Plaintiff never objected to the Court's Report and Recommendation. On July 26, 2013, the District Court entered an Opinion and Order (Doc. 47) adopting the Report and Recommendation and denying Plaintiff's First Motion to Amend. A little over a month later, on August 30, 2013, Plaintiff filed his Second Motion to Amend.

## II. Discussion

As he requested in his First Motion to Amend, Plaintiff is now requesting that the Court grant him leave to amend his complaint to add a request for punitive damages in Counts I through V and to add an additional brand of cigarettes smoked by the decedent, Carol A. Hawes ("Decedent"). (Doc. 48 p. 7). Plaintiff argues that good cause exists for the Court to grant him leave to amend. (Doc. 48 p. 2). Specifically, Plaintiff argues that he had a very difficult time hiring a qualified expert to testify concerning conduct that would warrant a jury to consider the award of punitive damages. (Doc. 48 p. 4). Plaintiff explains that although he had attempted to obtain Michael Cummings, Ph.D. as an expert for several months, it was not

until July 1, 2013 that Dr. Cummings agreed to act as Plaintiff's expert. (Doc. 48 p. 4). Plaintiff argues that without expert witness testimony that he would not be able to establish grounds for punitive damages, and as such, the prayer for such relief would not be presented in good faith. (Doc. 48 p. 2). Plaintiff contends that now that Dr. Cummings is his expert, he is in a position to present evidence to the jury that would warrant consideration of punitive damages. (Doc. 48 p. 4). Further, Plaintiff relates that on or about August 20, 2013, a witness to Decedent's smoking testified that Decedent smoked Doral-brand cigarettes, in addition to Winston cigarettes as was alleged in the complaint. (Doc. 48 p. 4). Plaintiff argues that leave should be given so that he can add this fact to the complaint.

Defendant responds that Plaintiff fails to establish that good cause to amend his complaint. (Doc. 49 p. 5). Defendant argues that Plaintiff's hiring of an expert is completely unrelated to his ability to amend his complaint. (Doc. 49 p. 2). Second, Defendant argues that Plaintiff's First Motion to Amend belies the position Plaintiff has taken in his Second Motion to Amend, i.e., that he needed to retain an expert before he could move to amend his complaint. (Doc. 49 p. 2). Further, Defendant argues that Plaintiff failed to exercise diligence in moving to amend his complaint.

The court is guided by Rules 15 and 16 of the Federal Rules of Civil Procedure in determining whether to allow an untimely amendment to the pleadings. *Nobles v. Rural Cmty. Ins. Servs.*, 303 F. Supp. 2d 1279, 1283 (M.D. Ala. 2004). Rule 16(b)(4) provides that, after a scheduling order has been entered, the "schedule may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citations omitted). Only after finding good cause

exists to modify the schedule will the court proceed to determine whether amendment to the pleadings is proper. Otherwise, the more liberal standard of Rule 15(a) "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.*

Here, the Court finds that Plaintiff was not diligent in seeking to amend his complaint and, thus, has failed to establish good cause to modify the schedule. The Court notes that Plaintiff filed his Second Motion to Amend over six months after the February 19, 2013 deadline to amend the pleadings. Plaintiff fails to provide any adequate reasons to account for this delay. Plaintiff's argument that he should be given leave to amend because he has only recently acquired an expert who can testify on the issue of punitive damages is without merit for a variety of reasons. First, as the Court explained in its previous Report and Recommendation denying Plaintiff leave to amend his complaint, "Plaintiff could have added his request for punitive damages at any time after removal, but before the deadline to amend pleadings." (Doc. 41 p. 6). Plaintiff fails to cite any authority requiring that a party must have an expert witness before pleading punitive damages. In fact, as Defendant notes, Plaintiff's current position that he would not be able to plead punitive damages in good faith without expert witness testimony is belied by Plaintiff's filing of his First Motion to Amend in which Plaintiff sought to add a claim for punitive damages without expert witness testimony. (Doc. 49 p. 7). Nevertheless, even if expert testimony was necessary to plead punitive damages, Plaintiff fails to explain why he did not file his Second Motion to Amend sooner. Plaintiff relates that he secured the services of his expert, Dr. Cummings, on July 1, 2013, days before the Court ruled on Plaintiff's First Motion to Amend. Plaintiff did not submit any supplement to this motion nor raise the arguments he raises now in any objection to the Court's July 3, 2013,

Report and Recommendation. Additionally, even after the District Court accepted the Court's Report and Recommendation and denied Plaintiff's First Motion to Amend, Plaintiff waited over a month to bring his Second Motion to Amend. This delay in bringing the instant motion clearly evidences a lack of diligence on Plaintiff's behalf.

Further, the Court is unconvinced by Plaintiff's argument that leave should be give to amend its complaint to provide for new evidence of Plaintiff smoking Doral-brand cigarettes. As Defendant correctly notes, Plaintiff has not claimed that his ability to recover from Defendant is in any way limited by Plaintiff's failure to specifically name Doral-brand cigarettes in his complaint. (Doc. 49 p. 9). In fact, Plaintiff's complaint specifically alleges that Decedent "purchased and used tobacco products designed, manufactured, advertised and marketed by tobacco manufacturer Defendant at all times material to this Complaint." (Doc. 3 ¶ 4). Thus, as Plaintiff's complaint already alleges that Decedent used tobacco products designed, manufactured, advertised, and marketed by Defendant, the Court does not find good cause exists for Plaintiff to amend his complaint to add the allegation that Decedent smoked Doral-brand cigarettes.

### III.     Conclusion

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Relief from the Scheduling Order with Regard to Amending the Complaint and Prayer for Relief and Memorandum of Law (Doc. 48) be **DENIED**.

**Respectfully Recommended** in Chambers in Fort Myers, Florida on September 18, 2013.

/s/ Douglas N. Frazier
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties