## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

L. JERRY JOHNSON, as personal
representative of the Estate of Carol
A. Hawes

      Plaintiff,

v.                                                        Case No:  2:12-cv-618-FtM-29CM

R.J. REYNOLDS TOBACCO CO.
and AMERICAN TOBACCO
COMPANY,

      Defendants.

_____

### ORDER

Before the Court are Defendant's Motion to Strike Witnesses from Plaintiff's Sixth Amended Initial Disclosures ("Motion to Strike") (Doc. 81), filed on April 7, 2014, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Strike Witnesses from Plaintiff's Sixth Amended Initial Disclosures (Doc. 82), filed on April 9, 2014, Defendant's Emergency Motion for Protective Order ("Motion for Protective Order") (Doc. 84), filed on May 9, 2014, and Plaintiff's Memorandum of Law in Opposition to Defendant's Emergency Motion for Protective Order (Doc. 85), filed on May 12, 2014.   The motions have now been fully briefed and are ripe for review.   For the foregoing reasons, the motions are due to be denied.

### I.    BACKGROUND

Plaintiff, L. Jerry Johnson, as personal representative of the Estate of Carol A. Hawes, filed this wrongful death action against Defendants R.J. Reynolds Tobacco

Company ("Reynolds") and American Tobacco Company in the Twentieth Judicial Circuit Court in and for Lee County, Florida, and the case was removed to this Court on November 14, 2012.   Doc. 1.   On December 28, 2012, the Court entered a Case Management and Scheduling Order (Doc. 17), which required the parties to complete their mandatory initial disclosures, pursuant to Federal Rule of Civil Procedure 26 ("Rule 26"), by January 18, 2013 and established November 12, 2013 as the deadline to complete discovery.   Doc. 17 at 1.   Plaintiff served his Initial Disclosures on January 18, 2013, but did not identify anyone other than Plaintiff as having discoverable information.[1]   *See* Doc. 81-1 at 2.   Plaintiff also served six Amended Initial Disclosures between January 31, 2013 and December 10, 2013.   *See* Docs. 81-2, 81-4, 81-5.

Defendant now requests that the Court strike three witnesses, Laura Markito (Eddy), Joann Genario (Gambino) and Ginny Sinatra, all identified as friends of Decedent, from Plaintiff's Sixth Amended Initial Disclosures.   Doc. 81 at 3-5.   The Certificate of Service reflects that Plaintiff served his Sixth Amended Initial Disclosures on December 10, 2013, nearly eleven months after the deadline set forth in the Case Management and Scheduling Order.   Doc. 81-4 at 26, 32; *see* Doc. 17. Specifically, Defendant contends that the three individuals "were not people that were unknown to Plaintiff and subsequently identified through discovery" and thus

---

[1] Defendant provided to the Court its letter to Plaintiff's counsel regarding its perceived deficiencies in Plaintiff's Initial Disclosures and copies of Plaintiff's Amended Initial Disclosures as attachments to its Motion to Strike, but neither party provided a copy of Plaintiff's Initial Disclosures.

they were known, or with reasonable investigation should have been known to Plaintiff, at the time Plaintiff's Initial Disclosures were due.   Doc. 81 at 4.

Defendant further argues that Plaintiff's repeated amendments to his disclosures have "delayed Reynolds' ability to prepare its case for trial" and that it "proceeded with discovery over the past year without the benefit of any information pertaining to Decedent's life prior to the time she met Plaintiff in 1961." *Id.*   Thus, Defendant contends that it will be prejudiced if these witnesses are not stricken because it did not have the opportunity to question prior deponents about their knowledge of Decedent's relationship with these witnesses.   *Id.* at 5.   Plaintiff opposes the Motion to Strike and notes that discovery remains ongoing and does not close for nearly five months.   Doc. 82 at 2.   Plaintiff further contends that, by supplementing his Initial Disclosures as new information became available, he has complied with his Rule 26 obligations.   Doc. 82 at 3.

II.   ANALYSIS

Rule 26 requires that parties provide the names of individuals likely to have discoverable information that may be used to support their claims or defenses.   Fed. R. Civ. P. 26(a)(1)(A)(i).   Rule 26 further states:

> A party must make its initial disclosures based on the information then reasonably available to it.   A party is not excused from making its disclosures because it has not fully investigated the case . . . .

Fed. R. Civ. P. 26(a)(1)(E).   Rule 26(e) requires a party to supplement its Rule 26(a) disclosures in a timely manner if additional information renders prior disclosures materially incorrect or incomplete.   Fed. R. Civ. P. 26(e)(1)(A).   The Middle District

of Florida Discovery Handbook also explains that, while Rule 26(e) "expressly provides that in many instances a party is under a duty to supplement or correct prior disclosures . . . [f]airness and professionalism suggest a broader range of circumstances requiring supplementation."   Middle District Discovery (2001) at 2.

Rule 37 addresses a party's failure to complete its Rule 26 disclosures.   That Rule provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).   Rule 37(c)(1) thus also applies to a party's failure to appropriately supplement its prior disclosures.  *See Thornton v. J. Jargon Co.*, 580 F.Supp.2d 1261, 1287 (M.D. Fla. 2008).   Defendant relies on Rules 26 and 37 to support its Motion to Strike, in which it argues that the three witnesses disclosed for the first time in Plaintiff's Sixth Amended Initial Disclosures "were known, or upon a reasonable investigation should have been known, to Plaintiff at the time his Initial Disclosures were due under the Case Management and Scheduling Order (Doc. 17)." Doc. 81 at 1.

Here, Defendant does not dispute that Plaintiff identified the three witnesses at issue as part of his Amended Initial disclosures.[2]   Thus, the question before the

---

[2] Defendant argues that these witnesses were first identified in Plaintiff's Sixth Amended Initial Disclosures.   A review of Plaintiff's amended disclosures, provided by Defendant as attachments to its Motion to Strike, however, reveals that all three witnesses were first identified as individuals likely to have discoverable information in Plaintiff's Fifth Amended Initial Disclosures, served on November 18, 2013.   *See* Doc. 81-4 at 19, 22, 25.

Court is whether Plaintiff appropriately supplemented his Initial Disclosures. If he did, then the Court need not determine whether a failure to do so was substantially justified or harmless. If Plaintiff's amendments to his Initial Disclosures were not sufficient to comply with his obligations under Rule 26(e), then the Court must determine whether the failure was substantially justified or harmless.

The burden of establishing that Plaintiff failed to provide information pursuant to Rule 26(e) rests with Defendant as the party seeking the Rule 37 sanction of exclusion. *See Signature Pharmacy, Inc. v. Soares*, No. 6:08-cv-1853-Orl-31TBS, 2012 WL 4815726, at *3 (M.D.Fla. Oct. 10, 2012). If Defendant is able to show that Plaintiff failed to provide information, then the burden of establishing that such failure was substantially justified or harmless rests with Plaintiff. *Id.* Thus, only if Plaintiff failed to disclose information or failed to appropriately supplement his prior disclosures with new information, and that failure was not substantially justified or harmless, will Rule 37 preclude Plaintiff from using information from the newly-disclosed witnesses.

Although Rule 26 provides that a party's failure to investigate its case does not relieve the party of its duty to provide complete initial disclosures, Plaintiff represents that he "has had a very difficult time discovering individuals that were childhood friends of the decedent and upon Plaintiff's diligence and the discovery of same, they were revealed to the Defendant." Doc. 82 at 2-3; *see* Fed. R. Civ. P. 26(a)(1)(E).[3] Specifically, Plaintiff states that he first learned of Joann Genario

---

[3] That childhood friends of Decedent have been difficult to locate or that Plaintiff has no contact information for them is not particularly surprising to the Court, given the fact that

(Gambino) prior to serving his Fifth Amended Initial Disclosures in November 2013 and, "after interviewing her on the telephone, she revealed the names of others as possible individuals that may have been friends with the decedent and understand her smoking as a teenager." Doc. 82 at 2. Plaintiff further notes that the deposition of Ms. Genario (Gambino)[4] is currently scheduled to take place on May 20, 2014 in New York, a date and time that were coordinated with Defendant's counsel. *Id.*

While it is true that Plaintiff's Sixth Amended Initial Disclosures were served nearly ten months after the deadline for completing initial disclosures, Plaintiff continued to supplement his initial disclosures as new information became available. Doc. 82 at 3. Moreover, Defendant notes that Plaintiff's prior amended disclosures added new witnesses who "were not people that were unknown to Plaintiff and subsequently identified through discovery. Rather, they are family members of Plaintiff, Decedent, and Plaintiff's counsel."[5] Doc. 81 at 4. By contrast, the three witnesses at issue in the Motion to Strike, according to Plaintiff, are people who were previously unknown to him and who were subsequently identified "through

---

Plaintiff did not meet Decedent until 1961, when Decedent was 19 or 20 (based upon her birth year of 1941), and the fact that Plaintiff and Decedent divorced in 1981. *See* Doc. 81-3 at 4-5.

[4] This is the deposition at issue in Defendant's Emergency Motion for Protective Order (Doc. 84). Since that motion only seeks a protective order until such time as the Court rules on the Motion to Strike, the motion for protective order will be denied as moot.

[5] Defendant briefly discusses the sufficiency of Plaintiff's prior amended disclosures; however, only Plaintiff's Sixth Amended Initial Disclosures are presently at issue. If Defendant believed Plaintiff's prior disclosures were deficient, it could have filed appropriate motions with respect to those disclosures, but it did not.

numerous efforts to locate persons that went to high school and/or earlier than high school with [Decedent]."  Doc. 82 at 2.

The Court will accept Plaintiff's representation that he disclosed the witnesses when they first became known to him, and therefore concludes that Plaintiff's amendments satisfied his Rule 26(e) obligations.  *See Garcia-Celestino v. Consolidated Citrus Ltd. P'ship*, No. 2:10-cv-542-MEA-DNF, 2014 WL 436319 (M.D.Fla. Feb. 4, 2014) (declining to preclude Plaintiffs, pursuant to Rule 37, from introducing new evidence of damages at trial when Plaintiffs supplemented their Rule 26 disclosures six days prior to the close of discovery, which prevented Defendants from re-deposing Plaintiffs or conducting other discovery on that issue).

The Court is not unsympathetic to Defendant's position that it proceeded with discovery under the premise that there were no individuals with information as to Decedent's smoking history prior to her meeting Plaintiff in 1961, however, and that it has already completed the depositions of other witnesses of whom Defendant was not able to inquire about Decedent's relationship with the three recently-disclosed witnesses.  If, as Defendant represents, none of the witnesses previously deposed had any knowledge of Decedent's smoking history or any knowledge about Decedent prior to the time she met Plaintiff in 1961, then it seems unlikely that they would have knowledge as to Decedent's relationships with the newly-disclosed witnesses prior to that time.   Nevertheless, Defendant should have the opportunity to explore whether any of the witnesses whose depositions were completed prior to the identification and disclosure of the three new witnesses do have any such knowledge.

As to the two additional witnesses for which Plaintiff has not provided any contact information, Laura Markito (Eddy) and Ginny Sinatra, Plaintiff represents that he has not been able to verify their addresses and thus has not provided them to Defendant.   Doc. 82 at 2.   While Rule 26 requires that a party provide the names of individuals that may have discoverable information, it only additionally requires that a party provide the addresses and telephone numbers of those individuals "if known." Fed. R. Civ. P. 26(a)(1)(A)(i).

Assuming that Plaintiff intends to depose those witnesses or call them at trial, which will necessarily require that Plaintiff obtain some information as to their whereabouts, the Court again reminds Plaintiff of his obligation to supplement his prior disclosures in a timely manner.   To the extent that information Plaintiff learned about the three witnesses may have also rendered his Answers to Defendant's Interrogatories incomplete, Plaintiff should supplement those Answers and continue to do so as new information becomes available as required by Rule 26.[6]   A failure to

---

[6] Defendant argues that Plaintiff failed to supplement his Answers to Defendant's Interrogatories.   Doc. 81 at 4-5.   Rule 26(e) requires a party to supplement its Rule 26(a) disclosures and interrogatory responses if the party learns that its prior disclosures or answers are incomplete "and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"   Fed. R. Civ. P. 26(e)(1)(A).

Thus, because Plaintiff provided the information as part of his Amended Disclosures, he need not have also provided the same information in an updated Answer to Defendant's Interrogatories, even if that would have been the more prudent course of action.   *See Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, No. 5:12-cv-406-Oc-10PRL, 2014 WL 585426, at *3 (M.D.Fla. Feb. 14, 2014) ("Because Plaintiff made the corrected policies known to Defendants both during the discovery process and on a previous occasion in writing, Plaintiff was not obligated under Rule 26(e)(1)(A) to supplement his initial disclosures to include the corrected policies.").

do so may result in the Court entertaining motions for sanctions or renewed motions to exclude information learned from witnesses who were not timely disclosed.

III.   CONCLUSION

The Court has repeatedly extended pretrial deadlines in this case, most recently by granting Defendant's Motion for Entry of a Second Amended Case Management and Scheduling Order, which extended the discovery deadline until October 13, 2014.   Doc. 77.   Thus, because the Court finds that Plaintiff supplemented his Initial Disclosures as new information became available, the subsequent disclosures were not the result of Plaintiff's failure to exercise due diligence to discover the information, and nearly five months remain during which to complete discovery in this case, Defendant's Motion to Strike will be denied.

To reduce any prejudice to Defendant from the recent disclosures, however, Plaintiff shall be required to make all witnesses who were previously deposed available prior to the close of discovery upon Defendant's request to reopen their depositions for the limited purpose of exploring whether any have knowledge as to Decedent's relationships with the three newly-disclosed witnesses.[7]

---

[7] While the Court has discretion to require Plaintiff to make the witnesses available for further deposition at Plaintiff's expense, the Court does not find that such an imposition is warranted at this time.   Defendant is not precluded, however, from seeking appropriate relief from the Court if it believes Plaintiff has failed to meet his discovery obligations or comply with any of the Court's Orders.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Defendant's Motion to Strike Witnesses from Plaintiff's Sixth Amended Initial Disclosures (Doc. 81) is **DENIED**.

2.     Defendant's Emergency Motion for Protective Order (Doc. 84) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of May, 2014.


CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record